UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

AMANDA DICRISTINA,

    Plaintiff,

vs.

TPUSA, INC., a Foreign Profit Corporation
(d/b/a) TELEPERFORMANCE USA

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Amanda Dicristina ("Dicristina" or "Plaintiff"), individually, by and through her undersigned attorney, files this Complaint against Defendant, TPUSA, INC., a Foreign Profit Corporation (d/b/a TELEPERFORMANCE USA) ("TPUSA" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

1

2. This Court has personal jurisdiction over Defendant because TPUSA is Registered with the Florida Department of Corporations to conduct business within Florida, and they continue to conduct business within the State of Florida.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business within this District, and because a substantial portion of the events that give rise to the claims pled in this Complaint occurred in this District.

## PARTIES AND FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident of Highlands County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was and is in excess of $500,000.00 *per annum* during the relevant time periods.

12. Defendant's employees, including Plaintiff, engage in interstate commerce— including, but not limited to utilizing telephone lines and Internet—and therefore, they are also covered by the FLSA on an individual basis.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Sales Advisors such as Plaintiff.

## STATEMENT OF FACTS

14. Plaintiff was employed by Defendant as an hourly paid Sales Advisor and was employed from on or around December 7, 2020, through August 18, 2021, working remotely from her home in Highlands County, Florida.

15. Plaintiff's work for Defendant constituted an essential part of Defendant's business.

16. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

17. Plaintiff regularly worked forty-five (45) or more hours per week for

Defendant.

18. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

19. Plaintiff was regularly required to work a substantial amount of time off-the-clock as part of his job duties as a call center employee.

20. Specifically, before her scheduled shifts to boot up her computer and launch and log into necessary programs, servers, and applications regularly took between ten (10) minutes, to thirty (30) minutes, per shift, or even longer if technical issues arise. Only after this pre-shift procedure was completed was Plaintiff allowed to clock-in to Defendant's timekeeping system at the scheduled start of her shift.

21. Defendant required Plaintiff to log out of her necessary programs, servers, and applications and shut down her computer before taking her unpaid lunch break period.

22. Plaintiff was never compensated for this time worked off-the-clock.

23. 29 C.F.R. § 553.221 provides that:

> Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending roll call, writing up and completing tickets or reports, and washing and re-racking fire hoses.

24. 29 C.F.R. § 790.8 provides that "[a]mong activities included as an integral part of a principal activity are those closely related activities which are indispensable to

its performance."

25. Additionally, the FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

26. An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. *See id*. § 516.2.

27. Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

28. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

29. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

   (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   (c) Defendant failed to maintain proper time records as mandated by the FLSA.

30. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

31. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

32. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

33. Based on the allegations in Paragraphs 28 through 30, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

35. Plaintiff reincorporates and re-alleges paragraphs 1 through 34 of the Complaint as though fully set forth herein, and further alleges as follows:

36. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

37. During Plaintiff's employment with Defendant, Plaintiff regularly worked

overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

38. Plaintiff was not an exempt employee as defined by the FLSA.

39. Plaintiff was not an independent contractor and was instead an employee of Defendant.

40. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorneys' fees and costs and expenses

        of the litigation pursuant to 29 U.S.C. §216(b);

e.     Award Plaintiff pre-judgment interest; and

f.     Award Plaintiff any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 5th day of May 2022.

                                                Respectfully submitted,

                                                /s/ ***NOAH E. STORCH***
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

*Counsel for Plaintiff*