UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  2:22-CV-14161-CANNON

AMANDA DICRISTINA,

     Plaintiff(s),

vs.

TPUSA, INC. d/b/a TELEPERFORMANCE USA

     Defendant.

_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
## AND STIPULATION FOR DISMISSAL OF ACTION *WITH PREJUDICE*

Plaintiff, Amanda DiCristina ("Plaintiff"), and Defendant, TPUSA, Inc. d/b/a Teleperformance USA, ("Defendant"), (Plaintiff and Defendant are collectively the "Parties"), by and through their undersigned counsel and pursuant to this Court's Order on Settlement in Actions Brought Under the Fair Labor Standards Act [ECF No. 23], hereby move the Court for approval of the FLSA Settlement and Release Agreement attached hereto as **Exhibit** "**A**" (the "Settlement Agreement"), and request dismissal of this action *with prejudice*.

1.     Plaintiff filed this action against Defendant alleging Defendant violated the Fair Labor Standards Act ("FLSA").

2.     While there exists a genuine dispute as to whether Plaintiff is owed anything under the FLSA, the Parties have reached a settlement that is a reasonable compromise of all claims.

3.     Although the Settlement Agreement in no way constitutes an admission of liability by the Defendant, the consideration paid pursuant to same constitutes a mutually agreeable resolution of Plaintiff's claims. The settlement is fair, reasonable and equitable to all Parties involved in this litigation, and Plaintiff represents that her counsel has received adequate and fair

1 of 4

66539844;1

compensation for the services provided.

4.      Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsels who protected the rights of both Parties, and did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Parties after investigation and negotiation. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. To this end, the Parties have – at all times – been represented by competent counsel experienced in the litigation of FLSA claims.

5.      The amount agreed to by the Parties, which may be more than what Plaintiff might recover if she were to prevail, is a fair and reasonable compromise of her FLSA claims, especially when considering the probability Plaintiff will succeed on the merits, and the range of potential possible recovery.  Specifically, Plaintiff is receiving $1,200.00 in wages, plus an additional $1,200.00 in liquidated damages, for a total of $2,400.00.  Plaintiff's unliquidated damages in the Statement of Claim was $2,063.00, and $4,126.00, if liquidated, which represents Plaintiff's best day in Court if she is correct about liability and damages.

6.      With the Court's approval, the Parties will be resolving all claims between them arising out of, or in any way related to, Plaintiff's overtime claim under the FLSA. The Settlement Agreement resolves all issues in this case and will result in a full and final dismissal of the FLSA related claims.

66539844;1

7.      The Parties agree that the attorneys' fee payment was negotiated separate from and without regard to the amount being paid to Plaintiff, and further, that same represents a fair and reasonable amount to be paid to Plaintiff's attorneys.

8.      The Parties therefore stipulate to the dismissal of this action with prejudice, the Parties to bear their own attorneys' fees and costs, except as otherwise set forth in the Settlement Agreement.

9.      Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor.  Accordingly, the Parties request that the Court approve the terms of the Settlement Agreement attached hereto and dismiss this action with prejudice.

WHEREFORE, the Parties move for the approval of the Settlement Agreement and for entry of an Agreed Order Approving FLSA Settlement Agreement and Dismissing Action With Prejudice in the form attached hereto as **Exhibit "B**."

66539844;1

Dated:  September 27, 2022.

Respectfully submitted,

*/s/ Noah E. Storch*

Noah E. Storch
Florida Bar No. 85476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Email: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

*/s/ Sarah J. Lis*

Eric A. Gordon (Florida Bar No. 071341)
Melissa S. Zinkil (Florida Bar No. 0653713)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100 West Tower
West Palm Beach, FL 33401
Phone: (561) 653-5000/Fax: (561) 659-6313
Email:  Eric.gordon@akerman.com
Email:  melissa.zinkil@akerman.com

*and*

Sarah J. Lis, Esq.
Florida Bar No: 70747
AKERMAN LLP
201 E. Las Olas Blvd., Suite 1800
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: sarah.lis@akerman.com

*Attorneys for Defendant*

66539844;1