## FLSA SETTLEMENT AGREEMENT AND RELEASE

**IN CONSIDERATION** of the agreements set forth below, and to avoid further time, expense and effort associated with any and all litigation or other proceedings between Amanda DiCristina (the "Plaintiff"), and TPUSA, Inc. ("Defendant") ("Plaintiff" and "Defendant" are collectively the "Parties"), the Parties enter into this FLSA Settlement Agreement and Release (the "Agreement") and agree as follows:

1.      Intent of the Parties.  The Plaintiff filed a lawsuit styled *Amanda DiCristina v. TPUSA, Inc.,* Case No. 2:22-cv-14161-CANNON, in the United States District Court for the Southern District of Florida (the "Action") in which she advances claims under the Fair Labor Standards Act ("FLSA").  The Parties desire fully and finally to resolve the Action.

2.      Payment to Plaintiff.  In consideration for the promises made herein and in full and final settlement and in satisfaction of Plaintiff's FLSA claims against Defendant,  Defendant shall pay the Plaintiff the total gross sum of SIX THOUSAND AND 00/100 DOLLARS **($6,000.00)** (the "Settlement Proceeds").  At the instruction of the Plaintiff, the Parties agree that the Settlement Proceeds will be distributed as follows:

a.  A check in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00), minus applicable payroll withholdings, made payable to the Plaintiff, representing payment in full of Plaintiff's alleged unpaid wages, for which Defendant will issue Plaintiff an IRS Form W-2;

b.  A check in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00), made payable to the Plaintiff, representing payment in full, of Plaintiff's alleged liquidated damages, for which Defendant will issue Plaintiff an IRS Form 1099;

c.  A check in the amount of Three Thousand Six Hundred Dollars ($3,600.00) made payable to Richard Celler Legal, P.A., as final payment of all of Plaintiff's attorneys' fees, paralegals' fees and costs incurred in the prosecution of this Action, for which Defendant will issue an IRS Form 1099.

The Settlement Proceeds as outlined in paragraphs 2 (a) through (c) above shall be delivered to Plaintiff's counsel, Noah Storch, at the Celler Legal, 10368 W SR 84, Suite 103, Davie, Florida 33324, within fourteen (14) days after the Court's dismissal with prejudice of the Action as contemplated by paragraph 5 below and Defendant's receipt of a copy of an IRS Form W-9 signed by Plaintiff and an IRS Form W-9 signed by Plaintiff's counsel.  The Plaintiff understands that the Settlement Proceeds referenced in paragraph 2(a) are subject to applicable payroll withholding deductions.  The Settlement Proceeds paid to Plaintiff are in full settlement of any and all claims and monies Plaintiff claims to be entitled to from the Defendant for violation of the FLSA, including but not limited to, claims for minimum wage compensation, overtime compensation, liquidated and compensatory damages, punitive damages, and/or attorneys' fees, paralegals' fees and costs.

Plaintiff's Initials _ad_

Defendant's Initials

1 of 5

65542192;3

3.      FLSA Release By Plaintiff.  In exchange for the Settlement Proceeds described in paragraph 2 above, Plaintiff, for herself, her heirs, attorneys, representatives, executors, administrators, successors and assigns, releases and gives up any and all claims and rights that Plaintiff may have against Defendant, and to the extent applicable, its past, current, and future shareholders, principals, parent companies, related companies, predecessor companies, subsidiaries, divisions and affiliates, affiliated agencies, directors, officers, employees, insurers, agents and attorneys (collectively "Releasees") for any and all violations of the FLSA which were, or could have been, raised in the Action.  This releases all FLSA claims, including those of which Plaintiff is not aware and those not specifically mentioned in this Agreement, regardless of whether such claims are known or unknown, asserted or unasserted, suspected or unsuspected.  This Agreement applies to all FLSA claims resulting from anything that has happened up through the execution of this Agreement.  The Plaintiff understands that this Agreement and incorporated release does not waive rights or claims that may arise after the date that this Agreement is executed. Plaintiff understands and agrees that this Agreement is binding on Plaintiff and on anyone who succeeds to the Plaintiff's rights.

4.      Taxes.  Plaintiff agrees that, with the exception of the withholdings made under paragraph 2(a) above, the Plaintiff shall be solely responsible for the payment of any federal, state and/or local income and/or employment taxes and any F.I.C.A. payments or other payments which may be required to be paid on account of any portion of the Settlement Proceeds.  Plaintiff agrees that any and all liability of any kind incurred by Releasees due to the payment of the Settlement Proceeds will be borne solely by the Plaintiff.  Plaintiff further covenants and agrees that the Plaintiff will hold harmless and indemnify the Releasees, in either their representative or individual capacities, against any tax assessments or other penalties which may be made against the Defendant or any other enumerated individual or entity herein, with respect to any portion of the Settlement Proceeds and understands and agrees that any necessary tax documentation, such as IRS Form W-2's and 1099's, may be filed by the Defendant with regard to monies paid under this Agreement.  The Plaintiff and the Defendant acknowledge that nothing herein shall constitute tax advice to the other party.

5.      Dismissal of Claims.  Within five (5) business days of executing this Agreement, the Parties agree to jointly seek Court approval of this Agreement and dismissal, with prejudice, of the Action. Counsel for Plaintiff agrees to execute and file any further papers necessary to ensure that the Agreement is approved and the Action dismissed.  It is expressly understood that Defendant's obligation to pay the Settlement Proceeds is contingent upon the Court entering an order approving this Agreement and dismissing the Action with prejudice.

6.      No Charges or Claims Filed.  The Plaintiff represents and warrants that Plaintiff has not filed any claims or causes of action against any the Releasees, including but not limited to any charges of discrimination, harassment or retaliation with any federal, state or local agency or court, with the exception of the Complaint that is the subject matter of this Action, which Complaint is fully resolved by this Agreement.  Plaintiff's representation to same constitutes a material inducement for Defendant entering into this Agreement.

7.      Neutral Reference.  The Parties agree that Defendant will respond to reference inquiries regarding the Plaintiff by providing Plaintiff's dates of employment, last position held

Plaintiff's Initials _ad_

Defendant's Initials

2 of 5

65542192;3

and last rate of pay. Plaintiff agrees and acknowledges that all requests for references must be directed to Defendant's Human Resources Department and that Defendant is not responsible for information solicited from any other source.

8. <u>No Future Employment</u>. The Plaintiff acknowledges that because of circumstances unique to the Plaintiff, including, but not limited to, irreconcilable differences with the Defendant, the Plaintiff is not qualified for any position with the Defendant and, therefore, the Plaintiff shall not apply in the future for employment with the Defendant. The Plaintiff acknowledges that if the Plaintiff does seek reemployment with the Defendant or a related entity, failure to hire the Plaintiff, withdrawal of an offer of employment to the Plaintiff, or if already employed, termination of the Plaintiff's employment without notice or cause, will not constitute retaliation or discrimination and the Plaintiff will have no legal recourse against the Defendant for such acts.

9. <u>Sufficiency of Consideration</u>. Plaintiff agrees that the Settlement Proceeds referenced in paragraph 2 are paid in exchange for, and constitute good and valuable consideration for Plaintiff's execution of this Agreement and exceed anything otherwise owed to the Plaintiff by Defendant in connection with the FLSA. The Parties also agree that Plaintiff is being paid in excess of what she alleges to be owed in overtime wages and liquidated damages. Subject to paragraph 13, if a Court of competent jurisdiction determines that the terms of this Agreement are not valid and/or enforceable, or should the court fail to approve the settlement as provided by this Agreement, Plaintiff agrees that the Defendant's obligations under this Agreement are null and void and the Plaintiff shall return to the Defendant all amounts paid to Plaintiff under this Agreement. Further, Plaintiff acknowledges and agrees that Plaintiff is not otherwise entitled to the amounts set forth in paragraph 2 and that no further compensation or benefits or other monies of any kind are owed to Plaintiff by the Defendant. However, nothing in this paragraph is intended nor shall be construed to interfere with any contrary rights under the ADEA.

10. <u>Plaintiff's Acknowledgment</u>. The Plaintiff acknowledges that the Plaintiff has been afforded the opportunity to consider the terms of this Agreement for a period of seven (7) days prior to its execution, and has been advised in writing to consult with an attorney of her choosing before signing this Agreement and the incorporated general release and has done so. Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Plaintiff enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Plaintiff acknowledges and represents that Plaintiff assumes the risk for any mistake of fact now known or unknown, has the capacity to enter into this Agreement and that Plaintiff understands and acknowledges the significance and consequences of this Agreement, and that it constitutes a full and absolute settlement as to Plaintiff's claims against Defendant for violation of the FLSA. Plaintiff further acknowledges that she has read this Agreement in its entirety, that she fully understands all of its terms and their significance, and that she has signed it voluntarily and of her own free will. Moreover, Plaintiff acknowledges that there has been no undue influence, overreaching, collusion or intimidation in connection with this Agreement.

11. <u>Breach</u>. The Plaintiff acknowledges that if Plaintiff materially breaches or threatens to materially breach this Agreement, discloses, sells, transfers and/or uses the Defendant's proprietary and/or confidential information, and/or commences a suit, action,

Plaintiff's Initials _ad_          Defendant's Initials _nk_

3 of 5

65542192;3

proceeding or complaint in contravention of this Agreement and waiver of claims, Defendant's obligations to pay the monies and/or provide the benefits referred to above shall immediately cease and Defendant shall be entitled to all other remedies allowed in law or equity, including but not limited to the return of any payments made to the Plaintiff under this Agreement.  Further, nothing in this Agreement shall prevent the Defendant from pursuing an injunction to enforce the provisions of paragraph 6 above.  Nothing in this paragraph is intended to nor shall be construed to interfere with any contrary rights under the ADEA.

12.    Non-admission.  The Parties understand that the Settlement Proceeds and other matters agreed to herein are not to be construed as an admission of, or evidence of liability for any violation of the law, willful or otherwise by any entity or any person.  The Defendant specifically denies any liability to Plaintiff, and further denies that Plaintiff was owed any unpaid minimum wage, overtime compensation or other compensation. Plaintiff specifically recognizes that she is not the prevailing party in this action and is not entitled to recover attorneys' fees and/or costs, except as provided by this Agreement.

13.    Severability.  If any provisions in this Agreement are held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

14.    Complete Agreement. The Parties agree that this Agreement sets forth all the promises and agreements between them and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, expressed or implied, oral or written, except as herein contained.

15.    Binding Effect.  This Agreement shall be binding upon and shall inure to the benefit of the Parties' representatives, agents, successors, assigns, heirs, attorneys, affiliates, and predecessors.

16.    Enforcement.  If either party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, paralegals' fees and costs, at all levels.  This Agreement shall be governed by the laws of the State of Florida, except where the application of federal law applies, and without regard to its choice of law principals, and in the event of any dispute arising from this Agreement, such dispute shall be decided by a judge, not a jury.  THE PARTIES SPECIFICALLY WAIVE THEIR RIGHT TO A TRIAL BY JURY.   Nothing in this paragraph is intended to nor shall be construed to interfere with any contrary rights under the ADEA.

17.    Transfer of Claims.  The Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein.  The Plaintiff agrees to indemnify and hold the Releasees harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer.  The Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

Plaintiff's Initials _ad_

Defendant's Initials _[initials]_

4 of 5

18.     <u>Execution of Necessary Documents</u>.  Each party shall, upon the request of the other, execute and re-execute, acknowledge and deliver this Agreement and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other party to effectuate any of the provisions of this Agreement.

19.     <u>No Waiver/All Rights Are Cumulative</u>.  No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver.  No waiver shall be deemed to be a waiver of any subsequent breach or rights.  All rights are cumulative under this Agreement.

20.     <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21.     <u>Electronic Transmission and Counterparts</u>.  This Agreement may be executed in several counterparts and by electronic transmission and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.  Faxed transmissions, electronic signatures, DocuSigned executions, electronic transmissions and/or copies of the signature block shall be deemed enforceable.

22.     <u>Construction</u>.  The Parties expressly acknowledge that they have had equal opportunity to negotiate the terms of this Agreement and that this Agreement shall not be construed against the drafter.

THIS IS A LEGAL DOCUMENT -- READ CAREFULLY BEFORE SIGNING.

**IN WITNESS WHEREOF**, Plaintiff and Defendant have executed this Agreement.

**PLAINTIFF:**

DATED: Sep 9, 2022

*Amanda DiCristina*
Amanda DiCristina (Sep 9, 2022 01:20 EDT)
AMANDA DICRISTINA

**DEFENDANT:**

TPUSA, Inc.

DATED: 9/15/2022

DocuSigned by:
*Akash Khandelwal*
8614B13A4637A...
By: Akash Khandelwal
As its: CFO

Plaintiff's Initials ad                                    Defendant's Initials AK

5 of 5

65542192;3

# Settlement Agreement (FINAL) (002)

Final Audit Report                                                          2022-09-09

| | |
|---|---|
| Created: | 2022-09-08 |
| By: | Rachel Davis (Rachel@floridaovertimelawyer.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA69XeUm7gZRAKmfRy38fofJ3UHy_50ExZ |

## "Settlement Agreement (FINAL) (002)" History

Document created by Rachel Davis (Rachel@floridaovertimelawyer.com)
2022-09-08 - 7:49:44 PM GMT- IP address: 50.198.244.89

Document emailed to amanda.dicristina@hotmail.com for signature
2022-09-08 - 7:50:38 PM GMT

Email viewed by amanda.dicristina@hotmail.com
2022-09-09 - 5:18:59 AM GMT- IP address: 73.27.139.255

Signer amanda.dicristina@hotmail.com entered name at signing as Amanda DiCristina
2022-09-09 - 5:20:05 AM GMT- IP address: 73.27.139.255

Document e-signed by Amanda DiCristina (amanda.dicristina@hotmail.com)
Signature Date: 2022-09-09 - 5:20:07 AM GMT - Time Source: server- IP address: 73.27.139.255

Agreement completed.
2022-09-09 - 5:20:07 AM GMT

![Adobe Acrobat Sign]